IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| STEPHANIE BOLTON, as Mother and Next Friend of JDB, Jr., a Minor Child, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security )<br>Administration, )<br>)<br>Defendant. ) | CV 114-166 |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Stephanie Bolton ("Plaintiff"), proceeding on behalf of her son, J.D.B., Jr., ("Claimant") appeals the decision of the Acting Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

I.  **BACKGROUND**

Claimant was born on September 8, 2004. Tr. ("R"), p. 125. When Claimant was six

years old, Plaintiff protectively applied for SSI on behalf of Claimant on April 13, 2011, alleging a disability onset date of May 14, 2007. R. 125-33. The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 73-74. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. 91-93, and the ALJ held a hearing on August 9, 2012. R. 36-72. At the time of the hearing, Claimant was in second grade. R. 46. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel. R. 36-72. On October 3, 2012, the ALJ issued an unfavorable decision. R. 15-30. Plaintiff was eight years old when the ALJ issued his decision. R. 30, 125.

Applying the three-step sequential process required by 20 C.F.R. § 416.924(a), the ALJ found:

1. Given the claimant's age, he has not engaged in substantial gainful activity since April 13, 2011, the application date (20 C.F.R. §§ 416.924(b) and 416.971 *et seq.*).

2. The claimant has the following severe impairments: attention-deficit hyperactivity disorder ("ADHD"), Asperger's syndrome, and oppositional defiance disorder ("ODD") (20 C.F.R. § 416.924(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.924, 416.925, and 416.926). The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 C.F.R. §§ 416.924(d) and 416.926(a)). The claimant has not been disabled, as defined in the Social Security Act, since April 13, 2011, the date the application was filed (20 C.F.R.

§ 416.924(a)).[1]

R. 21-30. When the Appeals Council denied Plaintiff's request for review on June 4, 2014, R. 1-6, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of the adverse decision.

Plaintiff argues the ALJ erred by failing to (1) find that Claimant met or medically equaled ADHD Listing 112.11, (2) find Claimant did not functionally equal the Listings, (3) properly analyze Plaintiff's credibility, and (4) analyze Claimant's special education records. (See doc. no. 9 ("Pl's Br."), pp. 6-26.) The Commissioner maintains that the decision to deny Plaintiff's application is supported by substantial evidence and should therefore be affirmed. (See doc. no. 10 ("Comm'r's Br.").)

## II.  STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 401 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the

---

[1] While Claimant's alleged onset date was May 14, 2007, SSI benefits cannot be paid until the month after an application is filed and all other requirements for eligibility are met. 20 C.F.R. § 416.335. As Plaintiff filed the application on behalf of Claimant on April 13, 2011, the relevant time period under consideration began, at the earliest, in April 2011. See Manzo v. Comm'r of Soc. Sec., 408 F. App'x 265, 267 n.2 (11th Cir. 2011).

Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff asserts the ALJ erred when determining Claimant did not meet ADHD Listing 112.11 because treating physician Dr. Elizabeth Becton opined on January 12, 2012 that Claimant met ADHD Listing 112.11. (Pl's Br., pp. 6-13, 24.) Because the ALJ did not show good cause for discounting Dr. Becton's opinion, his determination that Plaintiff did not meet ADHD Listing 112.11 is not supported by substantial evidence and this case should be remanded.

A three-step sequential process is used to determine whether a child is disabled. 20 C.F.R. § 416.924. At the first step, the Commissioner must determine whether the child is engaging in substantial gainful activity; if so, the claim is denied. Id. § 416.924(b). At the second step, the Commissioner must determine whether the child has a severe impairment or combination of impairments; if the child does not have any severe impairments, the claim is denied. Id. § 416.924(c). At the third and final step, the Commissioner must determine whether the child's impairments meet, medically equal, or functionally equal the Listings. Id. § 416.924(d). If the child does not have an impairment that meets, medically equals, or functionally equals the Listings, the child will not be found disabled. Id. § 416.924(d)(2).

The child bears the burden of presenting specific medical findings to show he or she meets a Listing. Wilkinson *ex rel*. Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987). In order to show that their impairment meets a Listing, a child needs to meet all of the specified medical criteria; an impairment that manifests only some of those criteria, no matter how severely, does not qualify. Sullivan v. Zebley, 493 U.S. 521, 530 (1990).

With respect to Listing 112.11, Claimant must demonstrate the requirements of both Paragraphs A and B are satisfied. 20 C.F.R. pt. 404, subpt. P, app. 1. § 112.11. Paragraph A requires a claimant to show "Medically documented findings of all three of the following: 1. Marked inattention; and 2. Marked impulsiveness; and 3. Marked hyperactivity." Id. To satisfy Paragraph B, based on his age at the time of the hearing, Claimant must show he met two of the following criteria:

> (a) Marked impairment in age-appropriate cognitive/communicative function, documented by medical findings (including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psychological tests, or for children under age 6, by appropriate tests of language and communication; or
>
> (b) Marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or
>
> (c) Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests; or
>
> (d) Marked difficulties in maintaining concentration, persistence, or pace.

20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 112.02(B)(2)(a-d).

Here, the ALJ determined that Claimant did not meet or medically equal ADHD Listing 112.11 because "no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination." R. 22. However, on January 12, 2012, Dr. Becton completed an ADHD Listing Criteria form and

6

opined Claimant's condition satisfied the criteria for ADHD Listing 112.11. R. 473-76. Dr. Becton opined Claimant satisfied the Paragraph A criteria, marked inattention, marked impulsiveness, and marked hyperactivity, based on "school observations" and "reports from [Claimant's] mother." Id. Dr. Becton also opined Claimant met the Paragraph B criteria because he had (1) a marked impairment in age-appropriate cognitive/communicative function, documented by medical findings supported by "reports of fighting at school," (2) a marked impairment in age-appropriate social functioning, documented by history and medical findings, supported by "poor interaction with peers," and (3) a marked difficulties in maintaining concentration, persistence, or pace. Id.

When analyzing Dr. Becton's January 2012 opinion, the ALJ merely stated:

> As for the opinion evidence, the Medical Source Statement provided by Dr. Becton on January 12, 2012 is afforded little weight. (Ex. 18F) The undersigned notes that a subsequent questionnaire on February 12, 2012 failed to identify what functional limitations were associated with her diagnosis of ADHD. (Ex. 13F)

R. 25. The February 12, 2012 questionnaire completed by Dr. Becton to which the ALJ refers asks Dr. Becton "Are there functional limits associated with this child's mental condition(s)?" R. 448. Dr. Becton circled "Yes" in response to this question, but did not describe the functional limitations as the questionnaire requests. Id.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no

7

weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (ruling that the ALJ must accord substantial or considerable weight to the opinion of a treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (same).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding her daily activities).

The Commissioner asserts the ALJ properly discounted Dr. Becton's opinion because (1) it was not supported by objective evidence, (2) the reasons provided by Dr. Becton were insufficient to show marked limitations in the Paragraph B criteria, and (3) Dr. Becton did not treat Claimant for mental impairments. However, the ALJ never advanced any of these reasons for discounting Dr. Becton's opinion. In reply, Plaintiff correctly points out that the Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that

court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]").

The Commissioner suggests that Richardson, 402 U.S. at 390, supports the proposition that she may justify and rationalize the decision of the ALJ with evidence in the record not relied upon by the ALJ, as long as she does not advance a new rationale for affirming the ALJ's decision or is not advancing a finding the ALJ did not make. (Comm'r's Br., p. 12 n.2.) However, Richardson merely stated that judicial review of social security cases is narrow and limited, in part, to determining whether the ALJ's findings are supported by substantial evidence. 402 U.S. at 401. Moreover, the ALJ never stated any of the reasons the Commissioner now proffers for discounting Dr. Becton's opinion. Indeed, the ALJ's perfunctory rejection of Dr. Becton's opinion does not provide this Court with the means to determine whether correct legal standards were in fact applied. Wiggins, 679 F.2d at 1389.

The only reason the ALJ stated to discount Dr. Becton's opinion was that the February 2012 questionnaire "failed to identify what functional limitations were associated with her diagnosis of ADHD." R. 25. However, Dr. Becton's failure to complete an unrelated form a month after she opined Plaintiff met ADHD Listing 112.11 does not constitute good cause to reject Dr. Becton's January 2012 opinion that Plaintiff met Listing 112.11 because it does not demonstrate that the January 2012 opinion is unsupported by objective medical evidence, merely conclusory, or inconsistent with the physician's medical record. Lewis, 125 F.3d at 1440.

In sum, the ALJ's decision is not supported by substantial evidence because he did not demonstrate good cause to reject Dr. Becton's January 2012 opinion that Claimant meets Listing 112.11. As such, remand is warranted. The Court need not reach Plaintiff's remaining contentions. Of course, on remand, Plaintiff's claims must be evaluated in accordance with the three-step sequential evaluating process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 21st day of July, 2015, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA